IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

FILED'10 APR 16 11:44USDC-ORP

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | No. CR 06-102-MO |
| | No. CV 08-70019-MO |
| Plaintiff, | OPINION & ORDER |
| v. | |
| **PABLO EMERANCO ORTEGA,** a.k.a. Efraim Barraza, | |
| Defendant. | |

MOSMAN, J.,

      Mr. Ortega, appearing *pro se*, filed a Motion to Renew the Proceedings: For Excusable Neglect (#60), which this Court construed as a Motion for Reconsideration pursuant to Federal Rules of Civil Procedure 60(b)(1). Mr. Ortega argues that on account of being continually moved within the Federal Bureau of Prisons, he was denied access to the law library and his legal records, and thus unable to adequately reply to the Government's Response to his habeas petition (#50). For the reasons set forth below, I find this motion to be a successive habeas petition and as a result, this Court lacks jurisdiction to consider the merits of this motion.

///

///

///

PAGE 1 - OPINION AND ORDER

I. **Background**

   A. *Factual and Procedural Background*

Mr. Ortega pled guilty (#24) to a single count of unarmed bank robbery in violation of 18 U.S.C. § 2113(a) on April 24, 2007. In the plea agreement, Mr. Ortega waived his right to directly appeal or collaterally attack his conviction or his sentence, except for claims regarding ineffective assistance of counsel. (Plea Agreement (#26) ¶ 10.) This Court determined a prior Washington State conviction for Intimidating a Public Servant was a crime of violence and consequently for sentencing purposes, Mr. Ortega was a career offender pursuant to USSG § 4B1.1. (Government's Resp. ("Resp.") (#50) Ex. B at 14-15.) On September 4, 2007, this Court sentenced Mr. Ortega to a 135-month term of imprisonment. (J. & Commitment (#32) 1-2.)

Mr. Ortega filed a direct appeal to the Ninth Circuit, challenging the finding that his previous conviction for Intimidating a Public Servant was a crime of violence. (Mot. to Vacate (#45) Ex. C.) The Ninth Circuit held the waiver of the appeal was valid and dismissed the appeal. (Resp. (#50) Ex. A.) Mr. Ortega next filed a petition for habeas corpus relief (#45) raising three issues: (1) he was denied a reasonable mental health examination, (2) he was denied effective assistance of counsel; and (3) this Court erred in treating him as a career offender. (Mot. to Vacate (#45) Ex. A at 1.) The Government filed a Response (#50), but Mr. Ortega failed to file a timely reply. (Resp. to Mot. to Vacate (#50).) Upon an order from this Court to show cause within twenty days (#52), Mr. Ortega explained that he was unable to reply, because due to lock-down status at the prisons and several transfers to other institutions, he could not access the law library and his previous research. (Reply to Order to Show Cause (#53) 2.) Although Mr. Ortega disputed the Government's response that he did not show evidence of a serious mental illness, he

PAGE 2 - OPINION AND ORDER

did not fully reply. (*Id.*)

On February 20, 2009, this Court denied Mr. Ortega's Motion to Vacate or Correct Sentence. (Op. & Order Denying Pet. Mot. to Vacate or Correct Sentence (#54).) Mr. Ortega then filed a notice of appeal (#56), but this Court denied a certificate of appealability (#57). The Ninth Circuit also denied a certificate of appealability and dismissed the appeal. (Order of Dismissal of Appeal (#59).) Mr. Ortega filed the instant motion on January 5, 2010 (#60) and the Government responded (#72).

### B.   *Mr. Ortega's Motion*

Recognizing the unique challenges Mr. Ortega faces as a *pro se* prisoner litigant, I characterized his recent filing as a Motion for Reconsideration, although the filing itself is actually ambiguous. In the fifty-seven page motion, Mr. Ortega asks this Court for multiple forms of relief. In particular, Mr. Ortega seeks leave to reply to the Government's Response, stating that he had no opportunity to reply because of the circumstances he has been in and continues to be in within the Bureau of Prisons. (Mot. to Reconsider (#60) 1, 11.) However, Mr. Ortega also states the purpose of his motion is to "tell this court and show this court, why it should reconsider its prior decision and not apply the career offender enhancement." (*Id.* at 2.) The motion then revisits the original three arguments presented in his Motion to Vacate, introducing new factual support for the arguments. (*Id.* at 27.) Mr. Ortega also raises a new claim of concerning the voluntariness of his plea agreement. (*Id.* at 34-35.) Finally, Mr. Ortega pleads for leniency, asking the Court to reduce his 135-month sentence. (*Id.* at 48.)

///

///

PAGE 3 - OPINION AND ORDER

### III. Discussion

#### A. *Rule 60(b) Motion for Reconsideration*

I construed the motion before this Court as a Motion to Reconsider on account of excusable neglect pursuant to Federal Rules of Civil Procedure 60(b)(1) ("Rule 60(b)"). In appropriate cases, Rule 60(b) grants federal courts the authority to "vacate judgments whenever such action is appropriate to accomplish justice." *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 863-64 (1988). In particular, Rule 60(b)(1) states that "on motion and just terms, the court may relieve a party . . . from a final judgment, order, or proceeding for . . . excusable neglect." Fed. R. Civ. Pro 60(b)(1).

However, Rule 60(b) cannot be used to circumvent restraints on successive habeas petitions under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified at 28 U.S.C. § 2255(h). *Gonzalez v. Crosby*, 545 U.S. 524, 529-31 (2005). AEDPA requires a second or successive motion to vacate, set aside, or correct the sentence to be "certified as provided in [§] 2244 by a panel of the appropriate court of appeals." 28 U.S.C. § 2255(h). The mandatory, jurisdictional limitations applying to petitioners appealing a denial of relief under § 2255 cannot be avoided by simply styling the motion under another name. *Hill v. Hill*, No. 00-CV-598-JE, 2006 WL 2583436, at *3 (D. Or. Sept. 5, 2006). Rather, courts look to the substance of the pleading. *Gonzalez*, 545 U.S. at 532. Thus, in order for this Court to have jurisdiction, Mr. Ortega's motion must not be in substance a successive habeas petition.

#### B. *Mr. Ortega's Motion is a Successive Habeas Petition*

##### 1. **Mr. Ortega's Motion is a Habeas Petition**

Under *Gonzalez*, I must first determine whether the Rule 60(b) Motion filed by Mr.

PAGE 4 - OPINION AND ORDER

Ortega is a "habeas corpus application" as the statute uses the term.[1] 545 U.S. at 530. "[A]n application for habeas corpus relief is a filing that seeks 'an adjudication on the *merits* of the petitioner's claims.'" *Id.* (quoting *Woodford v. Garceau*, 538 U.S. 202, 207 (2003)) (emphasis in original). A claim is "an asserted federal basis for relief." *Id.* Therefore, a party brings a claim by attacking a previous ruling on the merits. *Id.* at 532. When a motion presents no claim, no basis exists for treating it as a habeas petition. *Id.* at 533.

In *Gonzalez,* the Supreme Court recognized that a Rule 60(b) motion can contain one or more claims. *Id.* at 530. For example, motions seeking leave to present newly discovered evidence or new grounds for relief bring claims because they seek adjudication on the merits. *Id.* at 531. Similarly, a motion attacking a previous ruling on the merits of a habeas claim effectively alleges a petitioner is entitled to habeas relief. *Id.* at 532. Consequently, courts have determined such motions to be, in substance, habeas petitions. *Id.*

Mr. Ortega's current motion advances several claims. First, it attacks this Court's previous resolution of a claim on the merits. Although the motion's function is somewhat ambiguous, it seeks "an adjudication on the merits of the petitioner's claims." *See id.* at 530 (emphasis omitted). Specifically, Mr. Ortega devotes a majority of his fifty-seven page motion to reiterating the original three arguments presented in his Motion to Vacate. (*Id.* at 21-57.)

Second, Mr. Ortega's motion raises new arguments and introduces new evidence. In particular, he offers the results from two inconclusive polygraph examinations administered on March 17, 2006 and April 11, 2006 to bolster his argument that he was delusional when he

---

[1] *Gonzalez* concerned a successive petition under § 2244 relating to a state judgment. Because § 2255 is functionally identical to § 2244, the reasoning in *Gonzalez* also applies to § 2255. *See Moore v. Reno*, 185 F.3d 1054, 1055 (9th Cir. 1999).

PAGE 5 - OPINION AND ORDER

committed the underlying offense and that his counsel was ineffective for not investigating his mental health issues further. (*Id.* at 26-27; Ex. D-E.) Mr. Ortega also claims he did not enter into his plea agreement voluntarily. (*Id.* at 34-35.) In *Gonzalez*, the Court found motions seeking leave to present new grounds for relief and those seeking to present new evidence qualified as habeas corpus applications. 545 U.S. at 531-32. Insofar as Mr. Ortega's motion seeks leave to present new legal claims, it is in substance a habeas petition. Even when claims are "couched in the language of a true Rule 60(b) motion" the effect is to improperly circumvent "AEDPA's requirement that a new claim be dismissed unless it relies on either a new rule of constitutional law or newly discovered facts." *See Gonzalez*, 545 U.S. at 531.

Third, Mr. Ortega's motion does not simply attack the integrity of the federal proceeding or confine itself to a "nonmerits aspect of the first habeas proceeding." *See id.* at 534. Because of the ambiguity in Mr. Ortega's motion, there is some question whether or not it functions as a reply to the Government's Response (#50) filed on August 25, 2008. Mr. Ortega states in the opening paragraph of the motion that he "is responding to the . . . order[] to reply to the [Government's] response to defendant[']s motion to vacate, set aside, or correct judgement [sic] pursuant to 28 U.S.C. § 2255." (Mot. to Reconsider (#60) 1.) Construing this motion as a reply would not present a revisiting of the merits because it would be confined to the first habeas petition and not "substantively address[] federal grounds for setting aside the movant's [] conviction." *See id.* at 533.

However, the timing of Mr. Ortega's motion indicates it is a new petition and not a reply to the Government's response. Mr. Ortega filed his original motion to vacate on July 30, 2008. (Mot. to Vacate or Correct Sentence (#45).) The Government responded on August 25, 2008, and

PAGE 6 - OPINION AND ORDER

Mr. Ortega failed to timely reply. Responding to an order to show cause on December 2, 2008 (#52), Mr. Ortega explained that because of conditions in the prison, he was unable to reply, but did dispute the Government's argument that he did not show evidence of a serious mental illness. (Reply to Order to Show Cause (#53) 2.) Over a year later, on January 5, 2010, Mr. Ortega filed the current motion. Temporally, this motion functions as a new petition, not a reply.

More significantly, construing this motion as a reply would impact multiple decisions made by this Court and the Ninth Circuit. Specifically, after this Court denied his Motion to Vacate on February 20, 2009, Mr. Ortega promptly filed a notice to appeal on March 20, 2009. (Notice of Appeal (#56).) This Court denied a certificate of appealability on March 30, 2009 (#57). The Ninth Circuit also denied a certificate of appealability and dismissed the appeal on June 22, 2009. (Order of Dismissal of Appeal (#59).) Because of the amount of time that has passed and the number of intervening proceedings that have occurred and reached a resolution, this case is no longer in a procedural posture in which this filing can function as a reply. Additionally, Mr. Ortega's multiple filings in the Ninth Circuit suggest he had an opportunity to bring the current motion earlier, but failed to do so. Therefore, I find this motion does not simply attack the integrity of the proceeding or limit itself to a nonmerits aspect of the proceeding.

### 2. Mr. Ortega's Motion is a Successive Habeas Petition

Finding Mr. Ortega's motion to be a habeas petition, I must next decide if it is a second or successive habeas petition. *See United States v. Allen*, 157 F.3d 661, 664 (9th Cir. 1998) A habeas petition is considered to be a second or successive argument if the "basic thrust or gravamen of the legal claim is the same, regardless of whether the basic claim is supported by new and different legal arguments." *Id.* (quoting *United States v. Gutierrez*, 116 F.3d 412, 416

(9th Cir. 1997)). A petitioner cannot simply avoid AEDPA's jurisdictional limitations by varying the factors of the underlying legal claim. *Id.* Particularly, a Rule 60(b) motion following a final judgment on a habeas petition "raises policy concerns similar to those of implicated by a second petition." *Thompson v. Calderon*, 151 F.3d 918, 921 (9th Cir. 1998) (quoting *Bonin v. Vasquez*, 999 F.2d 425, 428 (9th Cir. 1993)). As a result, a Rule 60(b) motion that "seeks to revisit the federal court's denial *on the merits* of a claim for relief should be treated as a successive habeas petition," requiring certification by a panel of the appropriate court of appeals. *Gonzalez*, 545 U.S. at 534 (emphasis in original).

Mr. Ortega's motion is a successive habeas petition because the gravamen of his legal argument is the same as his original motion to vacate. Mr. Ortega's motion does not simply ask for reconsideration on the grounds of excusable neglect. Rather, the motion reasserts his original three grounds for relief, offering the results of polygraph examinations as new support for the claims. (Mot. to Reconsider (#60) 27.) Mr. Ortega also presents a new factual allegations in support of his ineffectiveness of counsel claim. (*Id.* at 37.)

Even when a petitioner presents new factual allegations, the basic thrust of the legal argument can still be the same. *Babbitt v. Woodford*, 177 F.3d 744, 746 (9th Cir. 1999). In *Babbitt*, the petitioner originally asserted his counsel was ineffective for failing to sufficiently present a Post-Traumatic Stress Disorder Defense. *Id.* Following the court's rejection of this petition, alleged because of his trial counsel's alcohol abuse, he received ineffective assistance of counsel. *Id.* Notwithstanding the new factual allegations in support of ineffective counsel claim, the court determined "the gravamen of his legal argument [was] essentially the same." *Id.* Likewise, Mr. Ortega's new claim of ineffectiveness of counsel shares the same basic thrust as

the original claim. In his initial petition, Mr. Ortega contended that his counsel, although aware of his mental disorder, did not obtain additional information as to Mr. Ortega's competence or further investigate the mental disorder by interviewing his family or investigating his employment records and childhood. (Mot. to Vacate (#45) Ex. B at 1). In his current motion, Mr. Ortega argues counsel was ineffective for not allowing his sister to speak at the sentencing hearing, claiming his sister's knowledge of his circumstances could have been used to mitigate his sentence. (Mot. to Reconsider (#60) 37.) Despite a new factual explanation for counsel's ineffectiveness, the basic thrust of the legal claim is still the same. Moreover, this Court has already determined that Mr. Ortega's counsel was not constitutionally deficient. (Op. & Order Denying Pet. Mot. to Vacate or Correct Sentence (#54) 3-4.)

As a result, I conclude that Mr. Ortega's current motion both attempts to raise new claims for relief and challenges this Court's previous resolution of a claim on the merits. Accordingly, I find this Motion for Reconsideration to be a successive habeas petition requiring authorization from the Ninth Circuit to proceed pursuant to 28 U.S.C. § 2255(h).

## CONCLUSION

For the foregoing reasons, Mr. Ortega's Motion to Renew the Proceedings: For Excusable Neglect (#60) is DENIED.

IT IS SO ORDERED.

DATED this 16 day of April, 2010.

MICHAEL W. MOSMAN
United States District Court

PAGE 9 - OPINION AND ORDER